IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AARON CROCKETT,                              :
                                             :
    Plaintiff,                           :
                                             :
    v.                                   :  CIVIL ACTION NO.
                                             :  1:26-CV-0402-MLB-JSA
AMERICAN EXPRESS CO., *et al.*,              :
                                             :
    Defendants.                          :

## **O R D E R**

The following Order alters the schedule in this case for all parties. As background, this matter had been set for an in-court discovery conference on June 23, 2026, based on a request from Defendant Nelnet Servicing, LLC ("Nelnet") for permission to file a motion for sanctions against Plaintiff for alleged violations of the Court's discovery orders made during a prior discovery conference on May 21, 2026. *See* Minute Order [96].

On June 22, 2026, Plaintiff, who is representing himself *pro se*, sent an *ex parte* email to the undersigned's law clerk announcing that he could not attend the conference in person and requesting permission to attend the conference remotely by video or teleconference. The undersigned issued an Order [116] the same day, transmitted to Plaintiff (and Nelnet's counsel) by email given the tight timing, denying the request to allow a virtual appearance, but indicating that the Court would consider a reasonable continuance after hearing from Nelnet. *See* Order [116].

Nelnet indicated that it would consent to a continuance of the hearing until June 26, 2026, although Plaintiff later stated that he could not commit to appear in Court for the "foreseeable future" in light of undisclosed out-of-town family medical caregiving obligations. In light of Plaintiff's declaration that he would not appear in compliance with the Court's Order and could not agree to any continuance, the Court informed the parties that it would remove the discovery conference from the calendar and issue a further order, and so here we are.

The Court orders as follows:

1.      Defendant Nelnet is granted permission to file a motion for sanctions against Plaintiff as to the discovery matters that were to be the subject of the June 23 conference. Plaintiff may respond within **seven (7) days** of service, and Defendant may reply within **three (3) days** of service of Plaintiff's response.

2.      To avoid sanctions for failing to comply with the Court's order to appear on June 23, 2026, Plaintiff must furnish, within **fourteen (14) days** of the date of this Order, a sworn affidavit explaining the situation in detail, including the identity and location of the person he is caring for and Plaintiff's relationship with that person, the person's diagnosis and limitations, and why no one else can assist during any limited times Plaintiff's appearance in this Court is needed. Plaintiff must also have the family member obtain (and Plaintiff must provide) a written and signed statement of medical necessity from a physician, on appropriate letterhead, to support the need for such caregiving. Plaintiff must serve these materials on counsel

2

for Nelnet and to the Court but may redact the versions sent to Nelnet to obscure any names or specific medical details.

3.     The Court reaffirms its prior statement declining to allow Plaintiff to participate in a discovery conference remotely. The Court has concluded that remote discovery conferences have not been effective in this case and are not likely be a productive use of the Court's time. Further, Plaintiff has affirmatively initiated this lawsuit, sued many separate parties, and has filed numerous motions and engaged in voluminous litigious correspondence, some of which has been copied to the Court's law clerk without permission. It is not unreasonable for the Court and Defendants to expect that Plaintiff can also appear in person to handle matters in this case that he filed.

4.     However, with the exception of matters identified below, or otherwise allowed by leave of the Court, the Court otherwise **STAYS** discovery until **July 17, 2026**, in light of Plaintiff's allegation that he currently faces a medical conflict preventing him from appearing in person in Court in this case. By that date, Plaintiff must either: (1) file a certification on the record attesting that he is ready to fully prosecute this case, including to appear in person in Court as may be required; (2) have hired counsel who has filed a notice of appearance on the docket; or (3) move to voluntary dismiss this case as to all Defendants, without prejudice although on the express condition that no Complaint would be re-filed unless Plaintiff has hired counsel or is available to fully prosecute this case, including by

appearing in Court when ordered to do so. A failure to comply with any of these options may result in dismissal as to all Defendants, possibly with prejudice, for failure to prosecute and/or other grounds.

5.    The parties may not initiate any new discovery requests or discovery disputes during the stay, and all obligations to respond to existing discovery requests are stayed during period set forth above **EXCEPT** as to the matters as to which the Court has already ordered compliance. Other motions, responses to motions, answers, certificates of service, objections to orders or reports and recommendations, and any other documents may continue to be filed as necessary and appropriate during the discovery stay. **Plaintiff must obtain leave of the Court before filing any additional motions during the period of the stay**, except for a motion to voluntarily dismiss this case, as Plaintiff should not be permitted to continue to burden other parties and the Court with continual filings, without the Court's determination of necessity, while simultaneously declaring that he is unable to meet his own obligations to prosecute this case fully. The discovery cut-off date will be extended to **December 23, 2026**, to account for the stay of discovery.

6.    Plaintiff is reminded to refrain from emailing the Court with informal correspondence except as strictly necessary under the Court's Scheduling Order, and must refrain from including motions, requests for relief, and legal arguments via email. The parties are also reminded to refrain from any *ex parte* communications with the Court except as strictly permitted by law.

4

7.    The parties are reminded that they are to meet and confer via live conversation, fully exhaust all attempts to reach agreement or narrow disputes, and must be fully available during regular business hours without unreasonable limitations or restrictions for such conferences, prior to approaching the Court with any request for discovery or scheduling relief (if applicable).

8.    Plaintiff, as a *pro se* litigant, is not permitted to sign motions, briefs, or other documents filed with the Court with a "/s/" or other electronic notation, which is permitted only for attorneys who file documents electronically. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."); Standing Order 19-01, LR, NDGa, App. H-3 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with the Court in paper form."), App. H-A8 ("The login and password of an attorney constitute a signature on the document being filed."); App. H-A13 (permitting electronic signatures for attorneys filing electronically). Thus, Plaintiff is **ORDERED** to include his actual written signature on all motions, briefs, or other documents filed with the Court, or the Court may strike those submissions. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.").

9.    Plaintiff's Motion to Strike [113] is **DENIED as moot** and his Motion to Appear Remotely [120] is **DENIED** as meritless.

5

10. Plaintiff's Motion to Compel Discovery [121], Motion for Sanctions against counsel for Nelnet [122], and Motion for Adverse Inference Instruction [123] are **DENIED** based on Plaintiff's failure to comply with the requirements of the Scheduling Order [61] before filing these motions and also, as explained above, because he has announced his inability to prosecute discovery matters at this time.

**IT IS SO ORDERED** this 23rd day of June, 2026.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE