IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AARON CROCKETT, | : | CIVIL ACTION NO. |
| | : | 1:26-CV-0402-MLB-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN EXPRESS CO., *et al.*, | : | |
| | : | |
| Defendants. | : | **ORDER AND FINAL REPORT** |
| | : | **AND RECOMMENDATION** |

This matter is before the Court on the Plaintiff's failure to comply with the Court's orders of June 12, 2026, June 23, 2026, and August 10, 2026 and his related unavailability to prosecute the case as the Court has required. For the reasons explained below, the undersigned **RECOMMENDS** that the case be **DISMISSED** in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, **WITHOUT PREJUDICE** to re-filing upon the satisfaction of certain specific conditions as explained below.

In light of this recommended dismissal, the Motion for Sanctions [134] filed by Defendant Nelnet Servicing, LLC ("Nelnet") is **DENIED** as moot. The undersigned also **RECOMMENDS** that the Motion to Dismiss [37] filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") be **DENIED** without prejudice, and **RECOMMENDS** that Plaintiff's Motions for Default Judgment [83][87] also be **DENIED** as moot.

## I. BACKGROUND

On June 12, 2026, after unproductive videoconference-based discovery conferences between the *pro se* Plaintiff and Defendant Nelnet, and subsequent serious accusations that Plaintiff remains in violation of the Court's discovery orders and other obligations, the Court set this matter for an in-court conference on June 23, 2026. *See* Order [111]. As explained in the Court's Order of June 23, 2026 [124] ("June 23 Order"), Plaintiff announced in an *ex parte* email to Chambers staff the day before that he would not appear in person as ordered and he requested permission to attend the conference remotely. The Court denied that request, noting its findings that remote discovery proceedings had not been productive in this case. *See* Order [116]. The Court nevertheless indicated that it would continue the in-court conference for a reasonable period. *See id*. Plaintiff, however, later stated that he was indefinitely out-of-town caring for a family member and unable for the "foreseeable future" to appear in Court to handle any discovery conference or other matters for which his physical present was necessary. *See* June 23 Order [124] at 2.

Plaintiff's proposed indefinite remote-based prosecution of this case was inconsistent with the Court's finding that remote proceedings had been ineffective, and its requirement for an in-court conference on Nelnet's ongoing discovery complaints and requests for relief. Nevertheless, in light of the circumstances represented by Plaintiff, the Court adjusted the scheduling order applicable to the case to attempt to allow for a solution. Specifically, the Court, in the June 23

Order [124], stayed all discovery through July 17, 2026, in light of the medical conflict that Plaintiff represented. *See id*. at 3. The Court also took no action and made no findings against Plaintiff despite his refusal to appear for the June 23 conference, and stayed any adjudication of Nelnet's discovery-related accusations against Plaintiff.

However, the Court required certain things by Plaintiff to ensure that the case would proceed appropriately and efficiently. *See id*. at 2-6. First, the Court ordered Plaintiff to file, within fourteen days of June 23, a sworn affidavit explaining the circumstances that prevented his appearance in Court on that day, including:

> [T]he identity and location of the person he is caring for and Plaintiff's relationship with that person, the person's diagnosis and limitations, and why no one else can assist during any limited times Plaintiff's appearance in this Court is needed. Plaintiff must also have the family member obtain (and Plaintiff must provide) a written and signed statement of medical necessity from a physician, on appropriate letterhead, to support the need for such caregiving.

*Id*. at ¶ 2. The Court allowed Plaintiff to redact names and specific medical details in the service copy provided to Nelnet but required Plaintiff to provide an unredacted version to the Court *in camera*. *Id*.

The Court also ordered Plaintiff to take one of three steps by the time the discovery stay was set to expire on July 17, 2026:

> (1) file a certification on the record attesting that he is ready to fully prosecute this case, including to appear in person in Court as may be required; (2) have hired counsel who has filed a notice of appearance on the docket; or (3) move to voluntary dismiss this case as to all Defendants, without prejudice although on the express condition that no Complaint would be re-filed unless Plaintiff has hired counsel or is

> available to fully prosecute this case, including by appearing in Court when ordered to do so. A failure to comply with any of these options may result in dismissal as to all Defendants, possibly with prejudice, for failure to prosecute and/or other grounds.

*Id*. at ¶ 4.

On July 7, 2026, Plaintiff filed an affidavit responding to at least some of the medical questions, including as to the identity and medical needs of the family member. *See* Pl. Aff. [130]. Plaintiff did not disclose, however, his physical location as the Court had ordered. And although Plaintiff referred to a supposedly attached physician's letter, there was no documentation provided supporting the necessity of Plaintiff's caregiving responsibilities and inability to return to Atlanta. *See id*. In the affidavit, Plaintiff further stated that "I am unable to arrange substitute caregiving for any open-ended period, including the time required to travel to and from Atlanta and attend in-person court proceedings. The caregiving obligation is ongoing and indefinite, depending on the medical progress of [his relative's] condition." *Id*. ¶ 6.

On July 17, 2026, Plaintiff filed a Motion for Extension [140] requesting an extension of the deadline set by the Court to hire counsel or be ready to appear in Court in this case. The Court granted that request and continued the deadline to August 6, 2026, and continued the discovery hearing until August 20, 2026. *See* Order [142]. No action occurred by August 6, 2026, except that, at 11:58 pm, Plaintiff ***e-mailed*** a Second Motion for Extension to the undersigned's law clerk, copying Defendants' counsel. In the emailed motion, Plaintiff stated that he "has been in direct and active discussions with prospective counsel," and he requested a

further extension until August 13, 2026. Believing that this was a courtesy copy of a motion otherwise being properly filed, the Court issued an order granting it and extending the deadline, and the discovery stay as requested, until August 13, 2026. *See* Order [149]. However, this e-mailed document has never been filed with the Clerk and does not appear on the docket at all. This is all despite the Court having previously ordered, on June 23, 2026, that:

> Plaintiff is reminded to refrain from emailing the Court with informal correspondence except as strictly necessary under the Court's Scheduling Order, and must refrain from including motions, requests for relief, and legal arguments via email.

June 23 Order [124] at ¶ 6.

Plaintiff has also filed what appears to be a written discovery dispute [143], also in violation of the Court's June 23 Order, which prohibited the parties from initiating any new discovery disputes during the stay. *See* June 23 Order [124] at ¶ 5. Nevertheless, as of this date, although Plaintiff's deadline was extended until August 13, 2026, yet again, nothing has been filed in compliance with the Court's June 23 order. And no midnight emails have been received either.

## II. DISCUSSION

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the federal civil] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has also held that a district court may *sua sponte* dismiss a case under Rule 41(b). *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Sua sponte*

dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

*Pro se* Plaintiffs are not excused from complying with rules and court orders or from shouldering the significant burdens of litigation that they initiated. *See Reed v. Fulton County*, 170 F. App'x 674 (11th Cir. 2006) (affirming dismissal of *pro se* plaintiff's employment discrimination for failure to appear for deposition despite court order to do so); *see also Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993) (same).

This is not a case in which Plaintiff has been shy to impose substantial litigation burdens on the parties or the Court. Plaintiff has chosen to bring this 49-page Complaint against seven separate parties. In approximately seven months of litigation, this case has already amassed nearly 150 docket entries, much of which reflects motions or other filings by Plaintiff. These entries do not include numerous other argumentative emails and other items of correspondence from Plaintiff relating to discovery disputes, or other matters. As noted, the Court has had to order Plaintiff to refrain from transmitting legal arguments and motions via email, although Plaintiff has not complied.

The Court has also had to remind Plaintiff of his obligation to meet and confer in good faith via live conversation (not just by sending letters or emails) to attempt

to resolve or narrow discovery disputes. The Court heard sweeping discovery disputes involving numerous items upon which Plaintiff and Nelnet could not agree, and spend 2.5 hours hearing arguments and issuing orders in that regard in a videoconference. *See* Minute Entry [96]. After having spent so much time addressing these matters, the Court was then confronted with serious and concerning allegations from Nelnet that Plaintiff remained in violation of discovery obligations and Court orders, thus leading to the Court setting the June 23 hearing. Those allegations remain unresolved, because Plaintiff did not appear and, nearly two months later, has not complied with his obligations to move this case forward at all.

The Court has concluded, as it has previously explained, that remote-only court proceedings are not effective in this case, and that if Plaintiff wishes to continue to engage in this consuming litigation it is reasonable to expect that he appear as necessary from time to time in Court. This Court and other courts have also been experiencing a deluge of disruptive and overly aggressive likely AI-generated filings, disproportionally in *pro se* cases. A requirement to appear in person from time to time is in part designed to manage this problem. Plaintiff, however, has asserted that he remains out-of-town and unable for the foreseeable future to comply with any orders to appear in Court. He has also not hired a lawyer despite the existence of a vigorous consumer protection plaintiffs' bar that serves this District which, to the Court's knowledge, often takes cases based on a contingency fee if the case is perceived to have potential merit.

At this point, Plaintiff is in violation of the Court's June 23, 2026, July 22, 2026, and August 10, 2026 Orders in several respects. These orders required him to certify his willingness to appear in court to handle his case or hire a lawyer by various extended dates (mostly recently August 13), refrain from submitting motions and arguments by email and from initiating discovery disputes until he did so, and to disclose certain information (including his whereabouts and physician-supplied proof of the alleged medical situation) to justify his failure to appear for the June 23 hearing. The case has therefore remained in perpetual limbo for months.

The Court's June 23, 2026 Order warned Plaintiff that a failure to comply could result in dismissal *with prejudice*. The Court will refrain from recommending such a harsh result at least at this juncture, but at the same time cannot allow the case to proceed without compliance with its orders and procedures. And even assuming Plaintiff's representations as to his caregiving responsibilities to be accurate, the Court, in fulfilling its obligations to manage this case in an efficient and cost-effective way under Rule 1 against seven Defendants, cannot allow the case to be indefinitely delayed.

In balancing these concerns, the Court **RECOMMENDS** that the case be **DISMISSED** as to all Defendants—as Plaintiff's unavailability to appear in court or in person on this case will hamper the resolution of all discovery, not just as against Nelnet—but that such dismissal be **WITHOUT PREJUDICE** to refiling upon specific conditions, as follows.

First, any re-filed Complaint against any of the Defendants and based on any of the same conduct that was included or could have been included within the Complaint here must be re-filed in this Court, within thirty days of dismissal, to the extent this Court enjoys jurisdiction and would be a proper venue.

Second, to be allowed to proceed with any such re-filed case, if timely, Plaintiff should be required to either file his case through a lawyer and maintain representation by counsel throughout the case or, if he chooses to proceed *pro se* at any time, to file a sworn statement that has made arrangements to be able to appear in Court as ordered, to give testimony in the case, and to meet in person with opposing counsel in this District as necessary, throughout the entire pendency of any *pro se* handling of his case.

Third, as a condition of being allowed to seek any discovery against Nelnet in any such re-filed case, Plaintiff must first show cause that he should not have to bear the monetary and/or other sanctions requested by Nelnet in its Motion for Sanctions [134] in this case.

With such dismissal, the Court finds that it would be unnecessary to further address Defendant Nelnet's Motion for Sanctions [134], Wells Fargo's Motion to Dismiss [37], and Plaintiff's Motions for Default Judgment [83][87].

## III. CONCLUSION AND RECOMMENDATION

For the reasons discussed, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice, with conditions to re-filing as explained above.

**IT IS FURTHER RECOMMENDED** that Wells Fargo's Motion to Dismiss [37] be **DENIED** as moot, and that Plaintiff's Motions for Default Judgment [83][87] also be **DENIED** as moot.[1]

Defendant Nelnet's Motion for Sanctions [134] is **DENIED** as moot. Further, the hearing scheduled for August 20, 2026, is **CANCELED**.

As this is a Final Report and Recommendation, there is nothing further pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 18th day of August, 2026.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

[1] Defendant Citibank's Motion to Set Aside [128] may also be moot, but as this Motion reflects an objection to a prior order issued by the undersigned, which has been submitted to the District Judge for review, the undersigned will refrain from making any recommendation as to this motion.